## Washkow v. Albert Einstein Medical Center

*Joseph J. Livesey*, for plaintiff.

*J. Grant McCabe*, for defendants.

LEDERER, *J.*, June 19, 1975—This case is before this court on a motion of one of the defendants, Delaware Valley Hospital, for more specific answers to interrogatories propounded by him to plaintiff-administratrix of the estate of a deceased infant.

Interrogatory 1(a) asks for the details of the negligence of the agents, servants and employes of defendant, Delaware Valley Hospital (hereinafter referred to as "defendant"), and the name of the person who committed each act of negligence. Plaintiff answers, in part, that this interrogatory is premature, in view of the fact that much of this information is in the hands of defendant and plaintiff has not yet had the opportunity to complete pretrial discovery.

A defendant is entitled to discover the factual basis on which an opponent bases his contentions and needs such information. In medical malpractice cases plaintiffs are often not in a position to provide such information to defendants until they have had an opportunity to complete their pretrial discovery. This is particularly true in the instant case which involves the death of an infant one month of age.

In Luken v. Entine, 65 D. & C. 2d 100, 101, 102 (1975), it was thus stated:

"In such cases our courts have recognized the difficulty of a plaintiff in ascertaining with specificity the names of witnesses or of negligent actors prior to depositions of the physician defendants. Such information, although relevant is particularly within the knowledge of the individual defendants and is not available to plaintiff until interrogatories or depositions have been taken from such defendants. Thus, in Gray v. Oech, 49 D. & C. 2d 358, 364, 365 (1970), the court dismissed defendant's petition for sanctions for a similar failure to respond to interrogatories, but did so without prejudice to the rights of defendants to seek more specific responses after the taking of defendants' depositions."

This court, as did the court in the Luken case, adopts the procedure of the Gray case and dismisses defendant's motion for a more specific answer to interrogatory 1(a) without prejudice to his right to renew the motion after the depositions of defendants, Dr. Berger and Dr. Melnick, are taken or a certificate of readiness is filed, whichever is earlier. Although much of the information requested in subsequent interrogatories will be repetitious, this court will consider each interrogatory separately.

Interrogatories 3(a) and 3(b), in essence, request plaintiff to state the specific acts which constituted negligent nursing care, interrogatories 3(a) 3(b), in essence, request plaintiff to state the specific acts which constituted negligent nursing care. Interrogatory 4(b), in essence, requests the specific requests in which the people on duty were not properly trained, experienced, knowledgeable or

responsible. Interrogatory 5(a), in essence, requests identification of the specific conditions which defendant failed to diagnose. Interrogatories 7(a) and 7(b), in essence, request the specific actions indicated by decedent's specific symptoms. All of these interrogatories are subject to the same conditions set forth previously in the discussion of interrogatory 1(a), and the Gray ruling is adopted with respect to such inquiries.

In answer to interrogatory 5(d), plaintiff states defendant should have become aware of the conditions which it failed to diagnose during the first of two hospitalizations. This indicates the time period with sufficient particularity.

Interrogatories 6(a) and 6(b) request identification of specific diagnostic tests which plaintiff claims defendant failed to administer and the identification of the symptoms indicating the need for the tests. Again, a defendant is entitled to know the specific acts of negligence with which he is charged. Otherwise, it would be impossible for defendant properly to prepare for the trial of the case. Plaintiff should also answer 6(c) to the extent of informing defendant whether the tests should have been administered during the first or second hospitalization. Accordingly, plaintiff must provide answers to these interrogatories, but they are subject to the same conditions set forth previously in the discussion of interrogatory 1(a), and the Gray case ruling is adopted with respect to such inquiries.

To the extent that interrogatory 2(b) seeks information relating to the standard of medical care, defendant's motion for a more specific pleading is denied.

"Although a defendant is entitled to know the theory upon which plaintiff's claims of negligence

are based, he may not bind plaintiff to a specific theory as to what standard of care should have been applied. Such determination is for the fact-finder, and furthermore, calls for legal conclusions and expert opinion from plaintiff ": Luken v. Entine, 65 D. & C. 2d 100, 104.

Defendant is entitled to know any specific acts which plaintiff claims it omitted to perform. However, defendant's memorandum indicates that interrogatory 2(b) seeks to elicit the applicable "standard" of care and is, therefore, denied.

For the same reasons, interrogatory 3(c) requests "standards" of medical care and is denied; interrogatory 6(f) requests the "duty" imposed upon defendant and is denied; interrogatory 7(f) requests the "duty" imposed upon defendant and is denied; and interrogatory 7(g) requests the "standard" of care applicable to defendant and is denied.

## ORDER

And now, June 19, 1975, upon consideration of the motion of defendant, Delaware Valley Hospital, and the answer of plaintiff thereto, it is hereby ordered and decreed that:

1. The motion of said defendant seeking a more specific answer to interrogatories 1(a), 3(a), 3(b), 4(b), 5(a), 6(a), 6(b), 6(c), 7(a) and 7(b) is denied and refused, without prejudice to the right of said defendant to seek more specific responses to such interrogatories after the taking of the depositions of Dr. Berger and Dr. Melnick, or the filing of a certificate of readiness, whichever is earlier.

2. The motion of defendant seeking a more specific answer to interrogatories 2(b), 3(c), 5(d), 6(f), 7(f), and 7(g) is denied and refused, and such interrogatories are ordered stricken.